**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,     )
                                  )
                                  )
       v.                     )      Criminal No.  14-58
                                    )      Civil No. 23-1681
ADAM ROBERT LEE PICONE,     )
                                  )
          Defendant.     )

## <u>MEMORANDUM OPINION</u>

Pending before the court is a pro se § 2255 motion filed by defendant Adam Robert Lee Picone ("Picone") (ECF No. 76).   Picone argues that his conviction for possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1), violates his constitutional rights under the Second Amendment, as set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023).   The government filed a preliminary response, contending that Picone's motion is untimely (ECF No. 79).   Picone filed a reply (ECF No. 80).   The motion is ripe for decision.

<u>Procedural History</u>

Picone was charged with two counts of possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1).   His inability to possess a firearm was based on three underlying convictions for burglary in the state court (Indictment, ECF No. 1).   Picone pleaded guilty on October 16, 2016.   Picone was sentenced on December 22, 2016.   He did not file an appeal.   Accordingly, his sentence became final on January 5, 2017 (the date his appeal rights terminated).

The Supreme Court's decision in *Bruen* was issued on June 23, 2022.   The Third Circuit Court of Appeals' en banc decision in *Range* was issued on June 6, 2023.

This is Picone's first § 2255 motion.   It was filed on September 21, 2023 – more than six years after his conviction became final.   Picone's § 2255 motion was filed more than one year after the decision in *Bruen*, but less than one year after the decision in *Range*.


Discussion

There are strict statutory time limitations for filing § 2255 motions.   The statute provides, in relevant part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> > . . .
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

28 U.S.C. § 2255.

Picone recognizes that he cannot succeed under (f)(1), because his motion was filed more than six years after his conviction became final.   Picone argues his motion is timely under (f)(3).

Subsection (f)(3) creates a new, narrow 1-year limitations period under certain conditions. There are three requirements explicitly set forth in the text of (f)(3): (1) the right must be "newly recognized"; (2) "by the Supreme Court"; and (3) made retroactively applicable to cases on collateral review.

Picone cannot satisfy these requirements.   Picone's § 2255 motion was not filed within

one year of the Supreme Court's decision in *Bruen*.   The decision in *Range* cannot trigger a new limitations period because that decision was by the Third Circuit Court of Appeals, not by the "Supreme Court."   Picone's motion must be denied as untimely.   *See Battle v. United States*, No. CV 2:23-03438, 2023 WL 6307515 (D.N.J. Sept. 28, 2023) (denying similar § 2255 motion based on *Bruen* and *Range* as untimely).

Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that jurists could not conclude that the issues presented here are adequate to deserve encouragement to proceed further and accordingly DENIES a certificate of appealability.   *See Battle*, 2023 WL 6307515 at *3 (denying certificate of appealability).

Conclusion

      In accordance with the foregoing, the pro se § 2255 motion filed by defendant Adam Robert Lee Picone ("Picone") (ECF No. 76) will be denied as untimely filed.   Civil Action No. 23-1681, will be marked closed.

      An appropriate order will be entered.

Dated: March 1, 2024

                        /s/ Joy Flowers Conti
                        Joy Flowers Conti
                        Senior United States District Judge